IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WENDY D. SWINEY, LLC

    Plaintiff,

    v.                                       Case No. 3:22-cv-624

LEGACY CARE, LLC

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on PLAINTIFF'S MOTION FOR REMAND ("Remand Motion") (ECF No. 15) and MOTION TO DISMISS OF DEFENDANT LEGACY CARE, LLC ("Dismissal Motion") (ECF No. 4). Having reviewed the briefing (ECF Nos. 5, 11, 13, 16 and 21) and heard oral argument, the PLAINTIFF'S MOTION FOR REMAND (ECF No. 15) will be denied and the MOTION TO DISMISS OF DEFENDANT LEGACY CARE, LLC (ECF No. 4) will be granted.

### BACKGROUND

This case arises out of a contract dispute between Wendy Swiney, LLC ("Swiney LLC")[1] and Legacy Care, LLC ("Legacy"). Compl. ¶ 1, III (ECF No. 1-1).[2] Swiney LLC is a limited liability company

---

[1] This Memorandum Opinion uses the term Swiney LLC to refer to the Plaintiff, an LLC, and it uses "WDS" to refer to the individual, Wendy D. Swiney. The Complaint uses those terms in reverse.

[2] The facts of the case are derived solely from the Complaint as filed in state court. The Complaint has three Sections (I, II, and

1

organized in Tennessee and Ms. Wendy D. Swiney ("WDS") is its sole member. Compl. ¶ 3, I. Legacy is a limited liability corporation headquartered in Virginia. Compl. ¶ 2, I.

The contract is entitled "Independent Contractor Agreement-Virginia." Unfortunately, the contract is confusing because of apparent inattention to detail and a lack of careful editing and proof reading. For example, the opening section identifying the contracting parties, provides that the contract is:

> by and between Legacy Care, LLC . . . ("Company"), Wendy D. Swiney, LLL.LLC . . . ("Contractor")

Contract at 1 (ECF No. 1-1). Presumably, this means that there are two parties, both of which are limited liability companies: Legacy and Swiney LLC. However, WDS actually signed the contract for Swiney LLC and individually.

Similar confusion arises in the section entitled "Engagement by the Company" which, as it happens, is the provision mainly at issue in this case. Contract ¶ 1 (ECF No. 1-1). It provides that:

> the Company [Legacy] hereby engages the Contractor [Swiney LLC] to provide Clinical Services [a later defined term] . . . by Wendy Swiney, a Wendy D. Swiney, LLC (the "Clinician"). . . .

---

III). Sections I and III both include paragraphs numbered 1-4. When referring those four paragraphs in sections I and III, the Court will refer to the paragraphs by both their number and their sections. For the rest, the Court will refer to them purely by their number.

2

<u>Id.</u> This leaves doubt as to whether the Clinician is WDS, the individual, or Swiney LLC. The text of other parts of section 1 suggest that the Clinician is a person. However, that is made less clear because the last sentence of section 1 provides that "the term 'Contractor' [Swiney LLC] shall be deemed <u>to include and refer to</u> Contractor <u>and</u> Clinician." <u>Id.</u> (emphasis added). The meaning and effect of that provision is quite unclear, particularly in perspective of section 2 (entitled "Clinical Services") which seems to specify the Clinician's responsibilities as those that could only be fulfilled by an individual. (<u>See</u>, <u>e.g.</u> <u>id.</u> ¶¶ 9 and 12).

Further, even though the Clinician is clearly not identified as a party to the contract, section 5 says that "Clinician agrees that he or she shall: [then follows a list of matters to which the Clinician supposedly is contractually bound]." Contract ¶ 5 (ECF No. 1-1).

Neither Legacy, the drafter of the contract, nor Swiney LLC, the Plaintiff, has raised, much less addressed, these somewhat vexing inconsistencies in the contract. Therefore, in this Memorandum Opinion, the issues will be considered without consideration of the inconsistencies. So, with that in mind, and, according Swiney LLC the inferences to which it, as the Plaintiff, is entitled, the facts are as follows.

In July 2019,[3] Swiney LLC and Legacy entered into a contract for Swiney LLC "to provide Hospitalist/Nurse Practitioner medical services at Rehabilitation Hospital of Bristol ('RBH')." Compl. ¶ 1, III. Unless either party supplied ninety-days written notice, the contract automatically renewed for a one-year period. Compl. ¶ 6. Under the contract, Swiney LLC was to provide "Clinical Services" at facilities served by Legacy. WDS seems to be identified as the person to provide the Clinical Services. Contract ¶ 1 (ECF No. 1-1). Although the contracting parties are Swiney LLC and Legacy, the contract contains a non-compete clause that applies to WDS. Id. at ¶ 13.

In early December 2021, RHB informed Swiney LLC that it had terminated its contract with Legacy. Compl. ¶ 8. Around December 12, 2021, Legacy informed WDS that her assignment at RHB was ending but that she would not be released from the contract's non-compete provision. Compl. ¶ 12.[4] As a result, WDS could not enter into a new contract with RHB or with Legacy's replacement at RHB. Id.

---

[3] The Complaint states that the contract became effective in July 2019. Comp. ¶ 1, III. However, the appended contract states its "Effective Date" is July 20, 2021. Contract at 1 (ECF No. 1-1).

[4] One might ask how a non-compete provision (which is a contract in restraint of trade that must be strictly construed) could be enforced against a non-party to the contract. However, WDS signed the contract both on behalf of Swiney LLC and individually. That issue is not raised by the parties, and, thus, this Memorandum Opinion does not take into account any aspect of this contractual oddity.

And, to make matters worse, from December 2021 to the present, Legacy "failed to place [WDS] in any facility owned or managed by [Legacy] to provide medical services." Compl. ¶ 18. The result, says the Complaint, is pecuniary loss to WDS. Compl. ¶ 13.

The single count in the Complaint is for breach of contract. Compl. at 3. In support of that claim, Swiney LLC asserts that "The Contract <u>contemplated</u>, as an <u>essential term</u> of the contract, that <u>[WDS] would be placed</u> in at least one facility owned or managed by Legacy." Compl. ¶ 16 (emphasis added). It is also alleged that, by not placing WDS at a Legacy facility after that initial placement at RHB was terminated when RHB ended its contract with Legacy, "the Contract's purpose would be frustrated and/or would undermine the purpose that the parties endeavored to contract in the first place." Compl. ¶ 17.[5] By failing to place WDS at a new facility after losing its contract with RHB, it is asserted "Legacy has breached its contract with [WDS]." Compl. ¶ 20.

This case was filed in Virginia state court. Notice of Removal at 1 (ECF No. 1). Legacy removed it to this Court, invoking diversity jurisdiction and the contract's forum selection clause which designated the courts of Henrico County, Virginia or-at Legacy's sole discretion-the Eastern District of Virginia, as "the exclusive venue for all matters arising under or relating to this

---

[5] To date, neither Legacy nor Swiney LLC has terminated the contract. Compl. ¶ 19.

5

Agreement." Contract ¶ 19(f) (ECF No. 1-1).

## DISCUSSION

Because the Remand Motion affects whether the Court has jurisdiction over the case, it must be addressed first. Then, if appropriate, the Dismissal Motion will be considered.

### A. REMAND MOTION

#### 1. Legal Standard

A defendant may remove a case originally filed in state court "to the district court of the United States for the district and division embracing the place where such action is pending" if a district court of the United States would have had "original jurisdiction over that case." 28 U.S.C. § 1441(a). However, if the basis for original jurisdiction is diversity jurisdiction, a case may not be removed if any of the defendants are "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). That principle is referred to as the "forum defendant rule."

Parties may object to removal for either lack of subject matter jurisdiction or for procedural defects by filing a motion to remand. If there is a challenge to removal, the removing party bears the burden of proving that removal was proper. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017).

#### 2. Analysis

It is undisputed that the requisites of diversity

jurisdiction as presented by 28 U.S.C. § 1332(a) are identified. Therefore, the Court would have had original jurisdiction had the case been filed here initially. Legacy is a Virginia limited liability company whose single member is LGS Holdings, Inc., a Virginia corporation. Virginia is the principal place of business and headquarters of LGS Holdings, Inc. and Legacy. Notice of Removal at 2 (ECF No. 1). Swiney LLC is a Tennessee limited liability company. Its sole member is WDS, a Tennessee citizen. Swiney LLC is headquartered in Tennessee. Compl. ¶ 2-3, I. Thus, there is complete diversity between the parties. 28 U.S.C. § 1332(a)(1). The amount in controversy is $1,000,000, well exceeding the statutory minimum of $75,000. Compl. ¶ 21; 28 U.S.C. § 1332(a). However, Legacy is a citizen of Virginia and the forum defendant rule would ordinarily prohibit removal to this Court. 28 U.S.C. § 1441(b)(2).

Therefore, the issue is whether, as Swiney LLC asserts, the forum defendant rule necessitates remand. As presented by the briefs, the remand motion poses three questions, each of which will be discussed in turn: (a) Is the forum defendant rule waivable?; (b) If so, is the contract's forum selection clause enforceable?; and (c) If those two questions are answered in the affirmative, did Legacy waive its contractual right to remove?

### (a) The Forum Defendant Rule is Procedural and Waivable

The analysis proceeds from the premise that only a procedural,

7

rather than jurisdictional, removal defect can be waived by a party. See Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053 (8th Cir. 2020). Therefore, it is necessary to determine whether the rule is procedural. The Fourth Circuit has not yet addressed this question. Bell v. Ga.-Pac. Wood Prods LLC., No. 2:21-cv-01474, 2022 WL 1498292 at *2 (May 12, 2022, D.S.C.). However, ten other circuits have, and all of them have held that the rule is non-jurisdictional and thus is waivable. Holbein, 983 F.3d at 1053 (gathering cases); see also Bell, 2022 WL 1498292 at *2 (same).

As many district courts within the Fourth Circuit have found, "it appears that if faced with the issue before this court, the Fourth Circuit would join the majority of circuit courts in holding that the forum defendant rule is merely procedural and may, therefore, be waived." Ada Liss Group v. Sara Lee Branded Apparel, No. 1:06-cv-610, 2007 WL 634083 at *4 (Feb. 26, 2007, M.D.N.C.); see also, Bell, 2022 WL 1498292 at *2; Spigner v. Apple Hosp. REIT, Inc., No. 3:21-cv-758, 2022 WL 1451397 at *2-3 (Mar. 1, 2022, E.D. Va.). The decisions of ten circuit courts and those in Ada Liss Group, Bell, and Spigner are persuasive and, on the basis of that authority, the Court concludes that the forum defendant rule is procedural and waivable.

(b)  **Swiney LLC Waived the Forum Defendant Rule**

The analysis now turns to whether Swiney LLC did, in fact, waive the rule. Legacy asserts that the forum selection clause

8

operates as proper waiver. Def. Memo in Opp. to Motion to Remand at 11 (ECF No. 21). Swiney LLC argues it did not waive by agreeing to the forum selection clause. Pl. Br. in Supp. of Motion to Remand at 2-3 (ECF No. 16).

The forum selection clause reads:

> The Parties agree that the <u>exclusive venue</u> for all matters arising under or relating to this Agreement <u>shall be</u> the courts in the County of Henrico, Virginia <u>or</u>, at the <u>sole option</u> of Company [Legacy Care], the Richmond Division of the United States District Court for the Eastern District of Virginia.

Contract ¶ 19(f) (ECF No. 1-1) (emphasis added).

Following the procedure outlined in <u>BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.</u>, the Court must determine if this is a "mandatory" or a "permissive" forum selection clause. 884 F.3d 463, 471-72 (4th Cir. 2018), as amended (Mar. 27, 2018). "A mandatory [forum selection] clause <u>requires</u> litigation to occur in a specified forum; a permissive clause <u>permits</u> litigation to occur in a specified forum but does not bar litigation elsewhere." <u>Id.</u> at 470 (emphasis added).

Here the analysis depends on the contractual text. <u>Id.</u> at 472. This contract uses the term "shall" and relatedly it specifies "exclusive venues." Thus, this clause is mandatory. Swiney LLC agreed that the "exclusive venue" shall be one of two courts at the "sole option" of Legacy. Contract ¶ 19(f) (ECF No. 1-1). In

9

doing so, Swiney LLC waived its right to invoke the forum defendant rule.

Under Virginia law, forum selection clauses are to be enforced "unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power." Paul Bus. Sys. Inc., v. Canon U.S.A., Inc., 397 S.E.2d 804, 807 (Va. 1990); see also, BAE Sys. Tech. Sol. & Servs., Inc., 884 F.3d at 470 ("courts enforce [mandatory] forum selection clauses unless it would be unreasonable to do so").[6] Swiney LLC has made no attempt to meet this burden. See Pl. Br. in Supp. of Motion to Remand at 3-4 (ECF No. 16). And, from the record before it, the Court finds no evidence suggesting that the clause is unreasonable. Therefore, the Court will enforce the forum selection clause.

(c) **Legacy did not Waive its Contractual Right to Remove**

Swiney LLC presents one final argument: Legacy waived its right to invoke the forum selection clause. Pl. Br. in Supp. of Motion to Remand at 4 (ECF No. 16). Although a party may waive its right to invoke a forum selection clause, the waiver must be express or, if implied, must be established by clear and convincing evidence. RMBS Recovery Holdings, I, LLC v. HSBC Bank USA, N.A., 827 S.E.2d 762, 769 (Va. 2019). When determining "whether a party

---

[6] The contract contains a Virginia choice-of-law clause to which neither party objects. Contract ¶ 19(f) (ECF No. 1-1).

10

has waived enforcement of a forum selection clause, the court must consider the extent to which the party has taken actions inconsistent with its enforcement." Id. To do this, the Court makes "a factual and objective inquiry as to the defendant's intent to waive," Lovelady v. Five Star Quality Care-VA, LLC, No. 4:18-cv-18, 2018 WL 3580768 at *4 (July 25, 2018, E.D. Va.) (quoting Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991)), while remembering "[a] waiver of the right to removal should only be found in extreme situations," id. (citation and quotation marks omitted). Swiney LLC argues that, by filing a demurrer and a plea in bar in state court, Legacy waived its contractual right to invoke the forum selection clause. Pl. Br. in Supp. of Motion to Remand at 4 (ECF No. 16).

Within 30 days of receiving the summons, Legacy timely filed a notice of removal in the Eastern District of Virginia, clearly evincing its desire to enforce the forum selection clause. Notice of Removal at 1 (ECF No. 1). Before filing the notice of removal, Legacy did indeed file a combined plea in bar and a demurrer in Virginia state court. Demurrer & Plea in Bar at 33-39 (ECF No. 1-1). However, district courts in Virginia have "repeatedly found that the mere filing of a demurrer prior to the notice of removal does not waive the right to removal." Lovelady, 2018 WL 3580768 at *5 (gathering cases). When determining whether filing a plea in bar amounts to waiver, courts look to whether the filing party

11

evinced a desire to litigate the merits in the state court. Id. at *5-*6. Far from showing a desire to waive its contractual right of removal, Legacy explicitly stated in the plea in bar its intention to "exercise[] its 'sole option'…to have this matter heard in the Richmond Division of the United States District Court for the Eastern District of Virginia." Demurrer & Plea in Bar at 38 (ECF No. 1-1). Because neither the demurrer nor the plea in bar show any intention, either express or implied, to waive the right to invoke the forum selection clause, Legacy did not waive its rights to invoke it.

### (d) Conclusion

The forum defendant rule is procedural and waivable, Swiney LLC waived the right to invoke the forum defendant rule by agreeing to the mandatory forum selection clause, and Legacy did not waive its right to invoke the forum selection clause. Accordingly, the Remand Motion (ECF No. 15) will be denied.

### B. DISMISSAL MOTION

#### 1. Legal Standard

Rule 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6). The Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when

12

> the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The
> plausibility standard is not akin to a probability
> requirement,' but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are 'merely
> consistent with' a defendant's liability, it 'stops
> short of the line between possibility and
> plausibility of "entitlement to relief."'

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

When evaluating a motion under Rule 12(b)(6), the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Inds., 637 F.3d 435, 448 (4th Cir. 2011). The Court "must accept as true all of the allegations contained in the complaint." Ashcroft, 556 U.S. at 678. However, the Court does not need to accept legal conclusions as true. Id. A "complaint will not be dismissed as long as [it] provides sufficient detail about [the] claim to show that [it] has a more-than-conceivable chance of success on the merits." Owens v. Baltimore City State's Att'y Office, 767 F.3d 379, 396 (4th Cir. 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006).

2. Analysis

To successfully plead a breach of contract claim, Swiney LLC must plausibly allege: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff

13

caused by the breach of obligation." <u>Sunrise Continuing Care, LLC v. Wright</u>, 671 S.E.2d 132, 135 (Va. 2009) (<u>quoting</u> <u>Filak v. George</u>, 594 S.E.2d 610, 614 (Va. 2004)).

### (a) The Engagement Clause Does Not Create a Legally Enforceable Obligation

Swiney LLC asserts that Legacy had a contractual obligation to place WDS, its sole member, in one of Legacy's facilities after RHB terminated its contract with Legacy. Compl. ¶¶ 16-18. The allegations of the Complaint on that issue must be assessed in perspective of the contract that is incorporated by reference in, and attached to, the Complaint.[7]

The contractual provision on which Swiney LLC relies reads:

> The Company [Legacy] hereby engages Contractor [Swiney LLC] to provide Clinical Services (defined below) to Patients residing or otherwise located at the LC customer facility(ies) set forth in Exhibit A (the 'Assigned Facility')

Contract ¶ 1 (ECF No. 1-1); <u>see</u> Pl. Br. in Opp. to Motion to Dismiss at 3 (ECF No. 11). However, the "Facility Name" section of Exhibit A is left blank. Contract at 13 (ECF No. 1-1). That omission, says Swiney LLC, means that section 1 requires Legacy

---

[7] Because the contract is attached to the Complaint and is integral to it, the Court may properly consider it. Neither party has challenged its authenticity. <u>Sec'y of State For Defence v. Trimble Navigation Ltd.</u>, 484 F.3d 700, 705 (4th Cir. 2007)(A court "may consider documents attached to the complaint,… as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."); <u>see also</u> Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

14

"to place [WDS} in at least one Legacy owned or managed facility during the term of the contract." Compl. ¶ 7. From a review of the Complaint and briefs filed by Swiney LLC, it is obvious that "during the term of the contract" is intended to mean at all times for the duration of the contract.

The omission of the facility name in Exhibit A makes paragraph 1 of the contract ambiguous as to where Clinical Services are to be provided. However, Exhibit A (even considering the omission) cannot reasonably be read to require Legacy Care to place WDS in at least one Legacy owned or managed facility at all times for the duration of the contract. That is especially so because the contract also provides that "[n]either Contractor [Swiney LLC] nor Clinician [WDS] are [sic] expected to work full time for the Company [Legacy]." Contract ¶ 4(c) (ECF No. 1-1).

Swiney LLC acknowledges as much by pleading that the obligation on which it bases the breach of contract claim is a contemplated one. Compl. ¶¶ 7, 16, and 17. But contemplations are not contract terms or obligations. In its briefing, Swiney LLC segues from its "contemplation" theory to a "course of dealing" argument:

> The course of dealing between the parties shows that [Legacy] did, in deed [sic], place Plaintiff[8] in at least one facility. The course of dealing between the parties showed

---

[8] Plaintiff is Swiney, the LLC, not WDS the individual.

15

> that Plaintiff provided $4,500-$10,000 worth of work per month over most of the contract period.

Pl. Br. in Opp. to Motion to Dismiss at 3 (ECF No. 11). Whatever else that may be, it is not a course of dealing. At oral argument, counsel for Swiney LLC conceded that there was no more to its course of dealing theory than is recited above.

### (b) Swiney LLC's Sole Discretion Argument

Swiney LLC's brief contains a section entitled "'Sole discretion' still requires objectively reasonable standard of non-abuse of discretion." Pl. Br. in Opp. to Motion to Dismiss at 4 (ECF No. 11). What that means is beyond the Court's reach.

To begin, the brief does not identify what, if any, contract provisions use the term "sole discretion." And, that term cannot be found in the Complaint. There are two uses of the term "in its sole discretion" in the contract when it refers to Legacy. Both are in the termination provision. Contract ¶ 18(d) and (e) (ECF No. 1-1). Those references are not at all implicated in the Complaint and they do not seem to relate at all to the textual terms "sole discretion" as used in the brief.

The text of Swiney LLC's "sole discretion" section argues that the "sole discretion" provision imposes on Legacy a duty "not to abuse its discretion," and that the discretion creates a fiduciary duty. That duty here is said to be to find WDS "an alternative placement." Pl. Br. in Opp. to Motion to Dismiss at

16

4 (ECF No. 11). In so arguing, Swiney LLC converts its breach of contract claim into a breach of fiduciary claim. However, there is no such claim in the Complaint. So that argument fails for that reason alone.

Moreover, the argument that Legacy owed Swiney LLC "a contractually created fiduciary duty" also fails as a matter of law. Under Virginia law, "[a] fiduciary relationship exists where a party vests the other party with significant discretion in the management of affairs on its behalf." HCP Laguna Creek CA, LP v. Sunrise Senior Living Mgmt., Inc., 737 F.Supp.2d 533, 549 (E.D. Va. 2010). When determining if such a relationship exists, the Court looks to the intention of the parties as reflected in the contract. Id. at 550. Swiney LLC points to no provision in the contract that vests fiduciary authority in Legacy.

Moreover, the contract provides that Legacy "shall not direct the Clinician's activities, methods, or decisions…and shall not exercise any control or direction over the methods by which Clinician performs the Clinical Services." Contract ¶ 4(a) (ECF No. 1-1). In so providing, the contract disclaims any form of "management of affairs" on behalf of Swiney LLC. So, that text forecloses a key element of a fiduciary duty claim.

Finally, unless the contract states otherwise, there is no fiduciary relationship between an independent contractor and an employer. HCP Laguna Creek, 737 F.Supp.2d at 549-50. To find

17

otherwise would, in effect, transform ordinary contract obligations into fiduciary relationships. <u>Diaz Vicente v. Obenauer</u>, 736 F.Supp. 679, 695 (E.D. Va. 1990). The contract does not specify a fiduciary relationship between Legacy and Swiney LLC.

(c) **Conclusion**

Because Swiney LLC fails to point to any facts or law establishing a fiduciary relationship between it and Legacy, this argument fails as a matter of law.

## CONCLUSION

For the reasons stated above, it is ORDERED that PLAINTIFF'S MOTION FOR REMAND (ECF No. 15) will be denied and the MOTION TO DISMISS OF DEFENDANT LEGACY CARE, LLC (ECF No. 4) will be granted.

The dismissal is without prejudice to the filing of an Amended Complaint because it may be that there is a claim based on the conduct by Legacy Care, LLC in asserting the provisions of Section 13 of the Independent Contractor Agreement-Virginia (ECF No. 1-1). Any Amended Complaint must be filed not later than January 9, 2023.

It is SO ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 13, 2022